9/17/2019 11:28 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36873047
By: Nelson Cuero
Filed: 9/17/2019 10:52 AM

IN THE DISTRICT COURT OF HARRIS COUNTY

STATE OF TEXAS

| | | |
|---|---|---|
| DANNY ATCHISON | § § | |
| VS. | § § | CAUSE NO. _____ |
| CITY OF JERSEY VILLAGE | § § | |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, **DANNY ATCHISON**, files this his Original Petition complaining of the Defendant, **CITY OF JERSEY VILLAGE**, and in support thereof shows as follows:

A.

**Initial Statement**

Danny Atchison was a golf course superintendent for the City of Jersey Village starting in September 2012 until he was terminated on May 8, 2018 by Matt Jones. In October 2013, Mr. Atchison was diagnosed with bladder cancer. September 2015, he had surgery related to his bladder cancer. As a result of the procedure, Mr. Atchison has no bladder rather he has a neobladder. Unfortunately, neobladder does not work as a normal bladder. He is required to visit the bathroom more often and has other difficulties which substantially impact his life. His condition requires more frequent visits to physicians than prior to this cancer diagnosis. Matt Jones did not like the fact that he was taking off and terminated his employment on May 8, 2018 in violation of the Texas Commission on Human Rights Act, violation of Section 21. 015 of the Texas Labor Code and the American with Disabilities Act (ADA).

**EXHIBIT B**

## B.

## Parties

2. Plaintiff is a Caucasian male and a resident of Cypress, Harris County, Texas.

3. Defendant, City of Jersey Village, is a city found in Harris County, Texas and may be served with process by serving its mayor, Andrew Mitcham at 16327 Lakeview Drive, Jersey Village, Texas 77040 under the authority of the Texas Civil Practice and Remedies Code Section 17.024(b).

## C.

## Jurisdiction and Venue

4. Venue is proper in Harris County District Court pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1) and (3) because all are a substantial part of the events or admissions giving rise to Plaintiff's action and his employment occurred in Harris County, Texas. Venue is also proper in this Court pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(2) because Defendant is considered a resident of Harris County at all times relevant to the events giving rise to this suit.

5. The Court has jurisdiction over this lawsuit as the amount in controversy exceeds the Court's minimum jurisdictional requirements.

## D.

## Facts

6. Plaintiff is a Caucasian male over the age of 40.

7. Plaintiff was hired by Defendant in September 2012 as the golf course superintendent. He had been employed as the golf course superintendent for almost six

years. Audits of the Jersey Village golf course done by the United States golf association led to the golf course being found in excellent condition.

8. In October 2013, Plaintiff was diagnosed with bladder cancer. In September 2015, he had surgery related to his bladder cancer. As a result of the procedure, Mr. Atchison had his bladder removed and he has a neobladder.

9. The neobladder does not work as a normal bladder. He is required to visit the bathroom more often and has other difficulties which substantially impact his life. His condition also requires that he visit the doctor more frequently than before his cancer diagnosis.

10. In April 2017, Defendant hired Matt Jones as the golf pro. In August 2017, Kimberly Terrell, Atchison's supervisor from September 2012 to August 2017 resigned. Matt Jones took over as Plaintiff's supervisor at that time.

11. Mr. Jones did not like the fact that the Plaintiff had to take off of work for doctor's appointments and other commitments.

12. On May 8, 2018, Defendant terminated Atchison for taking too many days off, 9.5 days over a two month time period even though he had 27 days of sick time and 262 hours of vacation time accrued at the time he was terminated. During the termination meeting, Matt Jones complained that the Plaintiff had not informed him prior to the Plaintiff taking off. Such allegation was not true.

13. Plaintiff had only taken 96 hours of leave from January 1, 2018 to May 8, 2018.

14. The Defendant complained that the Plaintiff had altered a request for time off form after the fact and made this the basis for termination. Plaintiff had been told by Terry Brugwell to modify the time off form prior to submission.

15. When terminated, Matt Jones only referenced the number of days off that the Plaintiff had been taking. Mr. Jones made no mention of the alleged falsification of the request for time off as the reason for termination. In fact, the allegation was buried in an employee counseling form that Plaintiff was given to sign at the time of the termination. When Plaintiff was terminated, he believed he was only being terminated because of the number of days off he had taken and did not respond to any allegation of changing the request for time off record as he was not aware that it was documented as an additional reason for his termination.

16. Other employees were allowed not to miss work and there were no consequences. In particular, an African American employee under Plaintiff's supervision failed to show up for work on several occasions when he had exhausted his sick time. The Plaintiff contacted the HR director, Trelena Collins and asked if the African American employee was to be fired. Ms. Collins declined to fire the African American employee because he was African American.

17. Upon information and belief, Plaintiff is the only employee to be fired for taking too many sick days or days off even though he had gotten permission or called in when sick and had time off available under the Defendant's policies. No other employee, white, black or Hispanic was terminated for taking too many days off.

18. Plaintiff needed to take the days off to attend doctor's appointments and deal with stress caused by Matt Jones' supervision. As a result of bladder cancer, Plaintiff does not handle stress the same as he had in the past.

19. Matt Jones and Trelena Collins, as agents of the Defendant, violated the Americans with Disabilities Act by terminating Plaintiff for missing work too much even though he had leave available and had obtained approval for the leave, as no other employee was ever terminated for taking too many days off.

19. Alternatively, Mr. Jones and Ms. Collins, acting as agents of the Defendant, violated the Americans with Disabilities Act by not accommodating the Plaintiff's disability by permitting him to take time from his work for medical appointments and to deal with stress.

20. Alternatively, the Defendant treated Plaintiff differently than a similarly situated African American employees by terminating him from missing work when African American employees were not terminated for missing work even though the African American employee had exhausted all sick time.

21. Alternatively, and in the event, Mr. Atchison is not considered disabled under the ADA, Defendant regarded Plaintiff as being disabled when they terminated his employment.

### E.

### Violations of Americans with Disabilities Act

22. Plaintiff incorporates herein, as if repeated verbatim, paragraphs 6 through 21.

23. Through its agents' conduct, Defendant knowingly and willfully discriminated against the Plaintiff based his disability in violation of the Americans with Disabilities Act and Section 21.0105 of the Texas Labor Code.

24. Alternatively, the Defendant violated the Americans with Disabilities Act by not accommodating the Plaintiff's disability.

25. Alternatively, Defendant violated the Americans with Disabilities Act when it considered the Plaintiff disabled, in the event that he is not considered disabled by the ADA, when it terminated his employment.

### F.

### Violation of Title VII of the Civil Rights Act of 1964

26. Plaintiff incorporates herein, as if repeated verbatim, paragraphs 6 through 21.

27. By its conduct, Defendant, knowingly and willfully treated the Plaintiff differently because of his race. Specifically, Plaintiff was not treated the same as other comparable employees who missed time from work.

### G.

### Violations of the Fair Labor Standards Act

28. Defendant is an employer within the meaning of 29 U.S.C Section 203.

29. The Plaintiff is an employee within the meaning of 29 U.S.C. Section 203.

30. Plaintiff was employed by Defendant in September 2012 as golf course superintendent. Up until Kimberly Terrell resigned her employment, Plaintiff acted in a management capacity.

31. Not long after Matt Jones took over as Plaintiff's supervisor, the duties of Plaintiff's job changed from managerial to one of manual labor.

32. During Plaintiff's employment, he often worked in excess of 40 hours a week.

33. Mr. Jones required that Plaintiff work 40-50 hours a week. He made a point of telling the Plaintiff that he was not getting overtime because he was salary.

34. While Plaintiff had employees that were available to do manual labor such as mowing the grass and building tee boxes, Matt Jones insisted that the Plaintiff perform manual labor in order to get work done by unrealistic deadlines.

35. Matt Jones was aware that the Plaintiff was performing manual labor such as mowing grass, creating tee boxes and that Plaintiff was spending well more than a majority of his time engaged in manual labor.

36. Plaintiff routinely worked in excess of 40 hours a week after Matt Jones was hired and especially during the time from November 2017 until his termination.

37. Defendant intentionally and repeatedly failed to pay Plaintiff overtime compensation due him. Defendant's manager, Matt Jones, repeatedly ignored the law with regard to overtime compensation.

38. Defendant has violated 29 U.S.C. Section 207.

39. Plaintiff was at all material times an employee within the definition of 29 U.S.C. Section 203(e).

40. Plaintiff repeats and realleges paragraphs 28 through 37.

41. Defendants were at all material times employers as defined by 29 U.S.C. Section 203.

42. Plaintiff was at all material times a golf superintendent employed by Defendant who, due to the degree to which Matt Jones demanded the completion of

mowing and construction of tee boxes, no longer qualified for exempt status under the Fair Labor Standards Act.

43. Plaintiff repeats and realleges paragraphs 28 through 42.

44. Defendant owes Plaintiff overtime compensation he was due for the time that he worked in excess of forty (40) hours a week from November 2017 through the date of his termination, May 8, 2018.

45. Defendant's conduct was intentional.

46. As a result of Defendant's failure to pay the Plaintiff overtime wages, Plaintiff is entitled to payment of overtime wages due him from November 2017 through May 8, 2018, liquidated damages, attorney's fees, costs of court and expert fees pursuant to 29 U.S.C. Section 216(b).

## H.

### Prayer

For these reasons, Plaintiff asks the Court to issue citation for Defendant to appear and answer and that Plaintiff be awarded a judgment against the Defendant for the following:

a. Actual damages

b. Compensatory damages

c. Cost of court

d. Pre and post judgment interest at the maximum rate allowed by law

e. Reasonable and necessary attorney's fees; and

f. Such other and further relief both general and special, at law or in equity to which the Plaintiff may be justly entitled.

Respectfully submitted,

_____/s/*Warren T. McCollum*_____
WARREN T. MCCOLLUM
FENLEY & BATE, L.L.P.
SBN: 24013127
P.O. Box 450
Lufkin, Texas 75902-0450
TPN: (936)634-3346
FXN: (936)639-5874
Email: wmccollum@fenley-bate.com

ATTORNEY FOR PLAINTIFF
**DANNY ATCHISON**