CAUSE NO. 2019-67404

| | | |
|---|---|---|
| DANNY ATCHISON,<br>　　　*Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| CITY OF JERSEY VILLAGE,<br>　　　*Defendant*. | §<br>§<br>§ | 11TH JUDICIAL DISTRICT |

## **DEFENDANT'S ORIGINAL ANSWER**

Defendant, City of Jersey Village (the "City"), appears to file its original answer to Plaintiff's original petition and would respectfully show the Court the following:

1. Defendant generally denies Plaintiff's allegations under Rule 92 of the Texas Rules of Civil Procedure and demands that Plaintiff prove his allegations by a preponderance of the credible evidence, as is required by the Constitution and the laws of the State of Texas.

2. Texas governmental immunity is a bar to Plaintiff's state law claims against the City and is a defense to the liability of the City under Texas law.

3. Plaintiff's claims under Chapter 21 of the Texas Labor Code are barred on the ground that Plaintiff failed to file a timely charge of discrimination within the 180-day period required by Tex. Labor Code § 21.202(a).

4. The remedies Plaintiff seeks under Title VII and under the ADA are limited by 42 U.S.C. § 1981a(d), and those he seeks under Chapter 21 of the Texas Labor Code are limited by Tex. Lab. Code § 21.2585(d).

5. The City terminated Plaintiff for legitimate, non-discriminatory reasons unrelated to his race and/or disability (if any), and/or any perceived disability (which is denied). Although excessive absenteeism, insubordination, and failing to follow the proper protocol for requesting leave were cited

**EXHIBIT C**

as problems for which Plaintiff had been disciplined in March 2018, and which continued to be problems in May, the City terminated Atchison primarily for falsifying time records.

6. The Plaintiff was an exempt executive employee under the FLSA, and therefore was not eligible for overtime pay. Plaintiff was employed in an executive capacity during the time for which he claims overtime pay. *See* 29 C.F.R. § 541.100.

7. Further, the City will show that the act or omission giving rise to Plaintiff's FLSA claim was in good faith and that the City had reasonable grounds for believing that any act or omission giving rise to Plaintiff's claim was not in violation of the FLSA. 29 U.S.C. § 260.

\* \* \* \* \*

For the foregoing reasons, Defendant respectfully requests that the Court, upon dispositive motion or trial on the merits, enter a final take-nothing judgment in its favor and order Plaintiff to pay Defendant's costs of court. Defendant also requests any other and further relief as the law and equity may allow.

Respectfully submitted,

VIADA & STRAYER

By:   /s/ *Ramon G. Viada III*
      Ramón G. Viada III
      State Bar No. 20559350
      17 Swallow Tail Court
      The Woodlands, Texas 77381
      (281) 419-6338
      (281) 661-8887 (Fax)
      Email: rayviada@viadastrayer.com

ATTORNEYS FOR DEFENDANT
CITY OF JERSEY VILLAGE

## CERTIFICATE OF SERVICE

I certify that all counsel of record listed below have been served a true and correct copy of the foregoing document in accordance with Tex. R. Civ. Proc. 21a by electronic submission for filing and service through the Texas Online EFiling for Courts on October 28, 2019.

Warren T. McCollum
Fenley & Bate, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
Email: wmccollum@fenley-bate.com

                                                      /s/ *Ramon G. Viada III*
                                                      Ramon G. Viada III